UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


D'ANDRE ALEXANDER,

               Plaintiff,                  Case No. 2:16-cv-49

v.                                   HON. ROBERT HOLMES BELL

UNKNOWN MAKELA, et al.,

               Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This is a civil rights action brought by state prisoner D'Andre Alexander pursuant to 42 U.S.C. § 1983. Defendants David Makela, Timothy Lee, Daniel Pelkola, Dean Leece, and Billy Gooseberry filed a motion for summary judgment (ECF No. 16) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 18).

Plaintiff alleges that Defendants violated his rights while he was incarcerated at the Marquette Branch Prison. Plaintiff asserts that on August 30, 2014, Defendant Lee warned him about filing grievances against staff members. On December 17, 2014, Defendant Pelkola ordered Plaintiff out of his cell so that Defendants could conduct a cell shakedown. Defendant Leece was also present. As Plaintiff left the cell, Defendant Pelkola told Plaintiff that they were about to teach him a lesson. Defendant Pelkola told Plaintiff that they would report that Plaintiff had drugs on him if Plaintiff did not stop filing grievances. Defendant Pelkola then pretended to take something off the cell bars and then held up a small plastic bag containing an unknown substance.

Defendant Lee then came to Plaintiff's cell, threatened to take Plaintiff to segregation, and reminded Plaintiff of the warning given.  Defendant Lee took Plaintiff to an empty cell.

The Defendants then searched and emptied Plaintiff's cell for about 2 hours. Plaintiff alleges that Defendants damaged his typewriter, litigation manual, legal papers and evidence, pictures, and magazines.  Plaintiff's personal property was taken without a hearing. Plaintiff filed a grievance, but Defendant Makela allegedly intimidated his witnesses.

On January 30, 2015, Plaintiff was stopped in the yard by Defendant Lee for a body search.  Defendant Lee instructed Defendant Gooseberry to conduct a retaliatory strip search. Defendant Lee then demanded that Plaintiff leave the yard.  Plaintiff alleges that Defendants entered into a conspiracy to have prisoner Reese assault Plaintiff.  Plaintiff fearing for his safety, tried to request protection, but Defendant Lee refused the request.  Plaintiff asserts that on February 2, 2015, he was involved in a fight with Defendant Reese.  Plaintiff was "gassed," taken to segregation, and received a misconduct ticket.  Defendant Lee told Plaintiff that he would make sure that his property was messed with and that Plaintiff would be beaten worse the next time.

Plaintiff's property was intentionally left in the cell.  Various items were missing including his 13 inch flat screen with speakers, headphones, and other items.  Defendant Pelkola told Plaintiff that it was a payback and that Plaintiff would not get his T.V. back.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed.

3

2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016) the Supreme Court reversed the Fourth Circuit's application of a "special circumstances" exception to the exhaustion requirement of the PLRA. The Court held that no exception exists for a reasonable misunderstanding of the availability of the exhaustion procedure. However, under the circumstances of the case, the Court recognized that the prisoner, who had successfully invoked the internal investigation process concerning a guard's physical abuse, arguably may succeed in showing that the grievance process was unavailable, because documents indicated the prison system had a practice of routinely dismissing any grievance when an internal investigation is pending, rendering the grievance process unavailable. The Court explained that prisoners need

4

not exhaust unavailable remedies noting that "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" the grievance process is unavailable. *Id.* at 1850.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶¶ HH.

Defendants claim that only one of Plaintiff's grievance submissions is relevant to the complaint. In MBP-14-12-2227-17a Plaintiff complained that on December 17, 2014, Defendants conducted a shakedown of his cell. Defendants Pelkola, Leece, and Lee concede that this grievance was exhausted as to them. Defendants Makela and Gooseberry argue that Plaintiff never exhausted this claim against them. Plaintiff states that this claim was exhausted against all the Defendants. Plaintiff indicated in his Step I grievance that he wanted to review the video of the incident so that he could identify each officer involved. In Plaintiff's Step II appeal he named Defendant Gooseberry for the first time. In Plaintiff's Step III appeal he named Defendant Makela for the first time. Plaintiff argues that in the past, when he has submitted new grievances naming new officers on the same incident, his new grievances have been rejected as relating to the original grievance for the reason that Plaintiff needed to appeal the original grievance to the next step. Plaintiff understands this to mean that he is required to name new parties in the next grievance

level once he learns of an individual's identity or involvement.  In the opinion of the undersigned, under these circumstances, Plaintiff has shown that he exhausted this claim against each Defendant.  Grievance MBP-14-12-2227-17a was not rejected on a procedural basis for failing to properly name all the individuals involved in the cell search and confiscation of property.  *Ross*, 136 S.Ct. 1850; *Holoway*, No. 15-2184.

In grievance MBP-15-04-0071-119z Plaintiff named Defendants Pelkola and Leece for the loss of his 13 inch flat screen on April 28, 2015.  Plaintiff appealed this grievance through Step III.  In the opinion of the undersigned, Plaintiff has shown that he exhausted his grievance remedies on his claims that involve his December 17, 2014, cell search and confiscation or destruction of property against each of the named Defendants.  In addition, Plaintiff has exhausted his grievance remedies regarding the loss of his 13 inch flat screen against Defendants Pelkola and Leece.   In the opinion of the undersigned, Defendants have succeeded in showing that Plaintiff has not exhausted any other incidents that could support his legal claims.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 16) be DENIED in part and GRANTED in part as follows: Plaintiff's claims arising from the December 17, 2014, cell search and confiscation or destruction of property that resulted from that search against each Defendant and Plaintiff's claim that Defendants Pelkola and Leece caused the loss of his 13 inch flat screen should not be dismissed and Defendants motion for summary judgment should be DENIED as to those claims.  Defendants' motion for summary judgment should be GRANTED as to all other claims asserted in the complaint.

Dated:   September 16, 2016                        /s/ Timothy P. Greeley
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).