UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER,

    Plaintiff,

v.

UNKNOWN MAKELA, et al.,

    Defendants.

    Case No. 2:16-cv-49

    HON. ROBERT HOLMES BELL

## OPINION

On September 16, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment (ECF No. 16) be denied in part and granted in part. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 27.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The complaint contains five claims for relief. First, Plaintiff alleges that Defendant Makela conspired to have Plaintiff attacked by another prisoner, and that he refused to investigate Plaintiff's property issue. (ECF No. 1, PageID.10.) Second, Plaintiff alleges that Defendant Lee conspired to have Plaintiff attacked by another prisoner, was responsible for a retaliatory body search, and participated in the cell search on December 17, 2014. (*Id.*) Third, Plaintiff asserts that Defendant Pelkola[1] threatened to plant drugs, and destroyed his property. (*Id.* at PageID.9, PageID.11.) Fourth, Plaintiff claims that Defendant Leece acted in concert with the co-defendants by invading Plaintiff's cell and destroying property in retaliation for Plaintiff's protected conduct. (*Id.*) Lastly, Plaintiff alleges that Defendant Gooseberry conducted a retaliatory strip search and conspired with the co-defendants to have Plaintiff attacked by another prisoner. (*Id.*)

The Magistrate Judge concluded that Plaintiff had exhausted grievance remedies on his claims that involved his December 17, 2014 cell search and confiscation or destruction of property against Defendants Makela, Lee, Pelkola, Leece, and Gooseberry. (ECF No. 25.) The Magistrate Judge also found that Plaintiff fully exhausted his grievance remedies regarding the loss of his property, including a 13-inch flat screen, against Defendants Pelkola and Leece. (*Id.*) But the Magistrate Judge concluded that Defendants had succeeded in showing that Plaintiff had not exhausted any other incidents that could support his legal claims. (*Id.*) Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not fully

---

[1] Spelled "Pekler" in complaint.

exhaust his administrative remedies for the remaining claims. He argues that the Magistrate Judge failed to acknowledge all of the claims that he raised in Steps 2 and 3, and that he cited conspiracy and retaliation actions against all Defendants for more than just the December 17th cell-search incident.

I.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in the dispute, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The Court must consider all of the pleadings, depositions,

affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita*, 475 U.S. at 587.

A prisoner bringing an action under 42 U.S.C. § 1983 must exhaust all of his available administrative remedies. 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 211 (2007). When the "moving party has the burden--the plaintiff on a claim for relief or the defendant on an affirmative defense--his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation omitted). Here, Defendants must "show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (internal quotations omitted).

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 217-19; *see also Woodford v. Ngo*, 548 U.S. 81, 92-91 (2006). Compliance with prison grievance procedures is all that is required. *Id.* at 218-19. MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to the complaint. A prisoner must first attempt to resolve a problem orally. (ECF No. 17-1, PageID.84, ¶ P.) If oral resolution is unsuccessful, the

prisoner may proceed to Step I of the grievance process and submit a completed grievance form within 5 business days of the attempted oral resolution. (*Id.*) If a prisoner is not satisfied with the Step I response, he may appeal to Step II by obtaining an appeal form within 10 business days of the response. (*Id.* at PageID.86, ¶ BB.) If the prisoner is still dissatisfied with the Step II response, he may appeal to Step III using the same appeal form. (*Id.* at PageID.87, ¶ FF.) The Step III form shall be sent within 10 business days after the date the Step II response was due. (*Id.*)

Plaintiff argues that he exhausted all of his claims against all named Defendants in Steps 2 and 3, and that he cited conspiracy and retaliation beyond the December 17th cell-search incident in his grievance forms. Plaintiff exhausted all available administrative remedies for Grievances MBP 14-12-2227-17a, relating to the December 17th cell search, and MBP-15-04-007-119z, relating to the loss of his television. In Step I for Grievance MBP 14-12-2227-17a, Plaintiff named Defendant Lee, and stated that he did not know the names of the officers who conducted the December 17th cell search. (ECF No. 1-4.) Defendant Makela investigated and signed Plaintiff's Step I grievance. (*Id.*) But Plaintiff did not name Defendant Gooseberry until Step II and Defendant Makela until Step III. He argues that, in the past, when he submitted new grievances naming new officers on the same incident, these grievances were rejected as relating to the original grievance. Thus, he thought that he was required to name new parties in the next grievance level once he learned of the individual's identity or involvement. Given this understanding, Plaintiff exhausted claims relating to the

5

December 17th cell search against all Defendants. He also explained that Defendants Lee, Makela, and Gooseberry had a prisoner "come at" him. (ECF No. 1-6, PageID.21.) So Plaintiff exhausted the claim that those Defendants conspired to have another prisoner attack him as it relates to the December 17th cell search.

In Step I for Grievance MBP-15-04-007-119z, Plaintiff claimed that Defendants Pelkola and Lee conspired to take his flat-screen television. (ECF No. 17-3, PageID.1117.) The R&R found that Plaintiff had exhausted this claim for Defendants Pelkola and Leece. But on the grievance forms, Plaintiff named Defendant Lee, not Defendant Leece, so Plaintiff exhausted administrative remedies relating to this incident for Defendants Pelkola and Lee. Plaintiff argues that he added retaliation and conspiracy claims against Defendants Lee, Makela, and Gooseberry in Steps II and III for a retaliatory strip search and carrying out a threat to have a prisoner attack Plaintiff. These claims were not exhausted in connection with the grievance forms alleging the loss of the television. But in Step II, Plaintiff claimed that Defendant Makela had intentionally disregarded his grievance and failed to properly verify that a television in storage was Plaintiff's property. (ECF No. 17-3, PageID.115.) Although the R&R did not find that Plaintiff had exhausted this claim against Defendant Makela, given Plaintiff's understanding of the grievance process and the fact that the grievance arises from Defendant Makela's investigation during Step I, Plaintiff exhausted the claim against Defendant Makela.

The Court finds the R&R to be well-reasoned, and Plaintiff's objection is without merit. Plaintiff has exhausted his grievance remedies on claims involving the December 17th cell search against each named Defendant, as well as claims arising from the loss of his television against Defendants Pelkola, Lee, and Makela. For the reasons explained by the R&R, as modified by this opinion, the Court will grant in part and deny in part Defendants' motion for summary judgment (ECF No. 16).

An order will enter in accordance with this opinion.

Dated: <u>November 21, 2016</u>              <u>/s/ Robert Holmes Bell              </u>
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE