UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.

UNKNOWN MAKELA, et al.,

    Defendants.

_____/

Case No. 2:16-CV-49

HON. GORDON J. QUIST

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

    On October 18, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment on Plaintiff's remaining claims. In particular, the magistrate judge recommended that the Court deny the motion with regard Plaintiff's retaliation and conspiracy claims against Defendants Lee, Pelkola, and Leece arising from the December 17, 2014, cell search and grant the motion with regard to Plaintiff's claims against Defendants Makela and Gooseberry arising from the December 17th cell search. (ECF No. 75 at PageID.445.) The magistrate judge further recommended that Plaintiff's claims relating to the confiscation of his television set be dismissed without prejudice because Plaintiff asserted such claims in another case. (*Id.* at PageID.443, 445.)

    Plaintiff has filed an Objection to the R & R, specifically, the magistrate judge's conclusion that Plaintiff failed to offer any evidence that Defendant Gooseberry was involved in the conspiracy relating to the December 17th cell search. Plaintiff argues in his Objection that the magistrate judge failed to consider Plaintiff's allegation that on January 30, 2015, Defendant

Gooseberry followed Defendant Lee's instruction or command to conduct a retaliatory strip search of Plaintiff in the yard. Plaintiff argues that Defendant Gooseberry should thus remain in the case based on Gooseberry's violation of Plaintiff's First and Eighth Amendment rights, as well as conspiracy under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff's objection lacks merit. In the R & R, the magistrate judge noted that Plaintiff failed to offer any evidence that Defendant Gooseberry was involved in conspiracy relating to the December 17, 2014, cell search. Plaintiff does not take issue with that conclusion. Plaintiff cannot rely on his allegation that Defendant Gooseberry conducted a retaliatory strip search of Plaintiff on January 30, 2015, because such claim was previously dismissed for lack of exhaustion. In his September 16, 2016, Report and Recommendation, which Judge Bell subsequently adopted, the magistrate judge recommended that Defendants' motion for summary judgment based on lack of exhaustion be denied as to the December 17th cell search and the confiscation of Plaintiff's television but granted as to all other claims. (ECF No. 25 at PageID.191; ECF No. 31 at PageID.211.) Thus, Plaintiff's claims against Defendant Gooseberry based on the January 30, 2015, strip search were previously dismissed for lack of exhaustion. Plaintiff may not add them back by asserting that they somehow relate to the December 17 cell search.

Therefore,

2

**IT IS HEREBY ORDERED** that the October 18, 2017, Report and Recommendation (ECF No. 75) is **approved and adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 57) is **GRANTED IN PART AND DENIED IN PART.** The motion is **DENIED** with regard to Plaintiff's claims against Defendants Lee, Pelkola, and Leece arising from the December 17th cell search and **GRANTED** with regard to Plaintiff's claims against Defendants Makela and Gooseberry arising from the December 17th cell search.

**IT IS FURTHER ORDERED** that Plaintiff's claims arising from the confiscation of his television set are **DISMISSED WITHOUT PREJUDICE**.

Dated: January 9, 2018                    /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE